NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Aurelio Sanchez, | No. CV-15-01257-PHX-JJT |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, *et al.*, | |
| Respondents. | |

At issue is Petitioner Juan Aurelio Sanchez's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus (Doc. 1), to which Respondents Charles L. Ryan and the State of Arizona filed a Response (Doc. 8). Magistrate Judge John Z. Boyle issued a Report and Recommendation ("R&R") (Doc. 10) recommending denial and dismissal of the Petition with prejudice, and Respondent Objected to that R&R (Doc. 11).

Judge Boyle finds that the Petition was timely filed, and because Respondents filed no objection to that finding and recommendation, the Court may accept that recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court nonetheless has conducted its own review of the issue, and upon doing so, concludes that Judge Boyle's application of the law to the facts of this matter are reasonable and correct. Nevertheless, for the substantive reasons set forth in the R&R, this Court will deny the Petition and the Motion, finding that Grounds I and II of the Petition both fail to state a cognizable basis for federal habeas relief, and that Ground I fails on the merits in any event.

In his Objection, Petitioner argues that the R&R mischaracterized facts in the record below, and that mischaracterization renders the R&R's conclusion flawed. This argument ignores the threshold issue Judge Boyle identified in the R&R—that Ground I raises a potential violation of the Constitution of the State of Arizona and thus is not cognizable on habeas review. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67 (1991). The R&R notes, correctly, that Petitioner has tried to frame this state law question as a federal law issue by reference to the Fourteenth Amendment to the Constitution of the United States. This fails, for the reasons set forth in the R&R, and Petitioner's citations to *Crane v. Kentucky*, 476 U.S. 683 (1986) and other cases for the broad proposition that a criminal defendant is entitled to a fair opportunity to defend against state charges do nothing to answer the point. Thus the Court need not reach the issue of whether the R&R mischaracterized evidence on the record in the state proceeding. But even if the Court were to reach the merits of Petitioner's claim in Ground I, that claim would fail. As Judge Boyle correctly observed, a trial court's decision to exclude evidence violates the Constitution only where the excluded evidence "is sufficiently reliable and crucial to the defense." *Trillo v. Biter*, 769 F.3d 995, 1003 (9th Cir. 2014)(internal citations omitted). Petitioner took issue with the R&R's characterization of the evidence in state court as providing that Petitioner "admi[tted] to the 911 dispatcher that he killed the victim." (Doc. 11 at 11.) Stated with more precision, the Court of Appeals related the facts to include that during an interview the day after the 911 calls and the victim's death, Petitioner told an investigating officer "that he had told the 911 dispatcher that he had killed her." *State v. Sanchez*, No. 1 CA-CR-10-1002, 2012 WL 2152819 at *1-2 (Ariz. Ct. App. June 14, 2012). Additionally, before police arrived at the scene of the victim's death, Respondent called the victim's niece; asked her to come and get the victim's toddler son and "[t]ake care of him for the rest of his life," stated that Petitioner had "f----ed up," and said he was sorry for what he had done. *Id.* Under either version of the first statement to law enforcement, and the statement to the victim's niece, Magistrate Judge Boyle was correct in his conclusion. The hearsay statement Petitioner sought to introduce

at trial and the defense theory he would have it support—that the victim killed herself to avoid prison--was not corroborated by this other evidence; nor was it corroborated by the blood spatter evidence or the expert testimony interpreting it. Petitioner's Ground I fails.

Judge Boyle also found correctly that Petitioner's IAC claim in Ground II was not cognizable. Petitioner argues that *Martinez v. Ryan* provides that he has a right to effective assistance of counsel during PCR proceedings in his matter. 132 S. Ct. 1309, 1315 (2012). But in so doing, Petitioner misses Judge Boyle's point, which is that, even if *Martinez* provides such a right in initial PCR proceedings, PCR counsel has to have available some cognizable error below to prevail upon, and, presumably, to fail to raise or argue. Here, as set forth above, there was no underlying error on the part of the state trial court in precluding the challenged hearsay statement of the victim. In other words, there was no error for PCR counsel to raise in initial PCR review—and therefore, nothing for that counsel to fail to raise which would trigger IAC on PCR counsel's part during that initial review. Thus there could be no *Martinez* violation.[1]

**IT IS ORDERED** adopting Magistrate Judge Boyle's R&R (Doc. 11) in its entirety and incorporating same into this Order.

**IT IS FURTHER ORDERED** denying the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and dismissing this matter with prejudice.

**IT IS FURTHER ORDERED** denying a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal in this matter because the dismissal of the instant Petition is justified by a plane procedural bar and jurists of reason would not find the procedural ruling debatable.

Dated this 6th day of July, 2016.

Honorable John J. Tuchi
United States District Judge

---

[1] The Court does not here decide whether Petitioner correctly construes the effect of *Martinez* on his rights in this matter as it is not necessary to the decision.